IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | No. 3:26-CR-536-O |
| JOSEPH DALE LEWIS, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

For the reasons stated below, the undersigned magistrate judge recommends that the Court commit Defendant Joseph Dale Lewis to the custody of the Attorney General pursuant to 18 U.S.C. § 4142(d) for treatment to determine whether there is a substantial probability that he will attain the capacity to permit the proceedings to go forward.

## I. BACKGROUND

Lewis first appeared before the Court on August 3, 2026, based on a criminal complaint charging him with threatening to kill or injure a federal official, in violation of 18 U.S.C. § 115. (*See* Dkt. Nos. 1, 3.) The Court appointed counsel to represent Lewis but was unable to complete the warnings and admonishments required for his initial appearance under Fed. R. Crim. P. 5 due to his interruption of proceedings. (*See* Dkt. No. 3.) Later that day, counsel filed a motion seeking a psychiatric or psychological examination to determine whether Lewis was then suffering from a mental disease or defect rendering him not competent. (Dkt. No. 6.)

On August 5, 2026, the Court attempted again to admonish Lewis with respect to the notices contemplated by Rule 5 and to proceed to a hearing on the government's motion to detain under 18 U.S.C. § 3142. The undersigned was again unable to complete the hearings because Lewis had to be removed from the courtroom due to his outbursts. (*See* Dkt. No. 9.)

After considering the motion seeking a competency evaluation and Lewis's conduct during court appearances, the undersigned granted the motion and found that there is reasonable cause to believe that Lewis might then be suffering from a mental disease or defect rendering him mentally incompetent to understand the nature and consequences of the proceedings or to properly assist in his defense. (Dkt. No. 12.) The undersigned therefore ordered that an evaluation be conducted pursuant to 18 U.S.C. § 4142 and committed Lewis to the custody of the Attorney General for that purpose. (*Id.*)

In the meantime, a grand jury issued an indictment charging Lewis with three counts under 18 U.S.C. § 115(a)(1)(B). (Dkt. No. 14.)

The Forensic Evaluation Pursuant to Title 18 U.S.C. § 4142(b) completed by Samuel Browning, Ph.D., has been received and, on October 5, 2026, was filed under seal. (Dkt. No. 19.) The undersigned held a competency hearing on October 22, 2026, at which Lewis was present in person and though counsel. The government appeared through an assistant United States attorney. Lewis interrupted the proceedings before the undersigned could even call the case, prompting the

undersigned to remind Lewis of his constitutional right to be present at the hearing and warning that his continued interruption of the proceedings would result in his removal from the courtroom. Lewis's disruptive conduct did not subside; he continued to talk over the undersigned. Unable to proceed with the hearing while Lewis was present, the undersigned had to have him removed from the courtroom. The psychological report was admitted as an exhibit without objection.

The undersigned has held the government's motion to detain in abeyance until the matter of Lewis's competency is resolved.

## II. LEGAL STANDARDS AND ANALYSIS

"If, after a hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General." 18 U.S.C. § 4142(d). The Attorney General must then hospitalize the defendant for treatment. *Id.*; *see also United States v. McKown*, 930 F.3d 721, 727 (5th Cir. 2019) ("[U]nlike a court's discretion to confine a defendant before an initial competency hearing, commitment is mandatory upon a finding of incapacity." (citation omitted)). "Such confinement, however, may las only 'for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is substantial probability that in the foreseeable future he will attain the capacity to

permit the proceedings to go forward.'" *McKown*, 930 F.3d at 727 (quoting 18 U.S.C. § 4241(d)(1)).

The Fifth Circuit has prescribed a two-step analysis in reviewing a court's competency determination. *See United States v. Perkins*, 99 F.4th 804, 811 (5th Cir. 2024). That analysis first considers the nature of the defendant's mental illness and then, second, assesses whether that illness renders the defendant incompetent. *Id.* In making this determination, a court may rely on expert psychiatric reports and other evidence, including the court's observations of the defendant's behavior and those of others who have interacted with the defendant. *See id.*; *see also United States v. Berry*, No. 23-30036, 2023 WL 2912484, at *5 (5th Cir. Apr. 12, 2023) (unpublished).

Having considered the appropriate information, including Dr. Browning's forensic evaluation report and the undersigned's observations of Lewis in court hearings, the undersigned finds by a preponderance of the evidence that Lewis is presently suffering from a mental disease or defect as is stated in the psychological evaluation report. The undersigned is persuaded by Dr. Browning's observations and diagnosis described in the report that Lewis is presently suffering from these mental diseases or defects.

At the second step, the undersigned finds by a preponderance of the evidence that the mental disease or disorder renders Lewis mentally incompetent to the extent he is unable both to understand the nature and consequences of the proceedings against him and to assist properly in his defense. The undersigned is persuaded by

Dr. Browning's observations and evaluation and diagnosis described in the report that Lewis, based on the effects of his mental diseases or disorders, does not have a rational understanding of the nature and consequences of the case against him. And the undersigned is persuaded by Dr. Browning's observations and evaluation that Lewis, for reasons of his mental disease or disorder, lacks a present ability to assist counsel in his defense.

## III. RECOMMENDATION

The undersigned **RECOMMENDS** under 18 U.S.C. § 4241(d), that Defendant Joseph Dale Lewis be committed to the custody of the Attorney General to be hospitalized for treatment in a suitable facility for a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity the permit the proceedings to go forward.

**SO RECOMMENDED** on October 22, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).